NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
I agree that this court has jurisdiction to receive this mandamus petition. My concern is with the decision on that petition.
Veteran Beasley asked the VA physician who had previously examined him, to consider the veteran’s additional evidence of symptoms he exhibited after service, and to present the physician’s opinion to the VA. The VA, through counsel, instructed the physician not to respond to the re *1160 quest; VA counsel explained to the veteran’s counsel:
I have instructed Dr. Denker not to respond to your inquiry. Determinations of causality and disability are exclusively a function of the Veterans Benefits Administration (VBA). This is an adjudication function and VA providers do not have access to all relevant information to make such a determination plus it presents a conflict of interest. See, VHA Directive 2008-071, paragraph 4d, dated October 29, 2008.
Letter from Assistant Regional Counsel, Dept, of Veterans Affairs, to Attorney for Mr. Beasley (April 8, 2011). The cited paragraph 4d of the VHA Directive states:
When honoring requests for medical statements by veterans for VA claims adjudication, care must be taken to avoid conflicts of interest or ambiguity.
VHA Directive 2008-071 (Oct. 29, 2008). Here, the physician was instructed not to “honor the request” for a medical opinion, stating that “it presents a conflict of interest.” Is the VA preventing the VA physician from presenting an opinion that could favor the veteran, on the theory that such an opinion presents a conflict of interest? This cannot be correct.
My colleagues on this panel ratify the VA’s position on other grounds, also flawed. The court offers the excuse that Mr. Beasley, by requesting a medical opinion directly from a VA doctor who knew him, was seeking preference over other veterans. It is hard to see how either the VA or the veteran is served by requiring this veteran to go to the end of the line and start again with a new doctor, rather than permitting the same doctor to review the additional evidence.
The issue is not whether this court has authority to issue a writ of mandamus in veterans’ appeals. Of course we have mandamus authority. The issue is whether the Department of Veterans Affairs can prohibit a veteran’s VA physician from reviewing the veteran’s evidence of service connection, lest the physician’s opinion present a “conflict of interest.” This cannot be what Congress intended by the “duty to assist,” 38 U.S.C. § 5103A(a)(l).
The petition for mandamus should be granted. From my colleagues’ contrary ruling, I respectfully dissent.